FILED IN MY OFFICE
DISTRICT COURT CLERK
4/7/2017 3:11:06 PM
STEPHEN T. PACHECO
Ginger Sloan

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

ADVANTAGEOUS COMMUNITY
SERVICES, LLC, ARMINDER KAUR,
HARASPAL SINGH, and HARCHI SINGH,

        Plaintiffs,

v.

GARY KING, AMY LANDAU,
ELIZABETH STALEY, MARC
WORKMAN, CATHY STEVENSON,
ORLANDO SANCHEZ, and
WALTER RODAS,

        Defendants.

Case No. D-101-CV-2017-00974

Case assigned to Mathew, Francis J.

## COMPLAINT FOR CIVIL RIGHTS VIOLATIONS

    Plaintiffs Advantageous Community Services, LLC, Arminder Kaur, Haraspal Singh, and Harchi Singh ("Plaintiffs") for their Complaint hereby state the following:

### I.    PARTIES AND JURISDICTION

    1.    Plaintiff Advantageous Community Services, LLC ( "Advantageous") is a limited liability company, duly authorized to conduct business in the State of New Mexico. Advantageous sometimes does business under the name Imagine and does business in Bernalillo County, New Mexico.

    2.    Plaintiff Arminder Kaur ("Dr. Kaur") is the owner of Advantageous and is a resident of Bernalillo County.

    3.    Plaintiff Haraspal Singh was employed by Advantageous and as a son of Dr. Kaur would informally share in ownership of Advantageous.

100984526_1

4. Plaintiff Harchi Singh was employed by Advantageous and as a son of Dr. Kaur would informally share in ownership of Advantageous.

5. Plaintiffs Arminder Kaur, Haraspal Singh, and Harchi Singh are collectively referred to as the "Individual Plaintiffs."

6. Defendant Gary King is the former Attorney General for the New Mexico Office of Attorney General who upon information and belief is a resident of Santa Fe County, New Mexico. He held this position at the time of his wrongful acts. He is sued for damages in his individual capacity.

7. Defendant Amy Landau is an attorney formerly with the New Mexico Office of Attorney General office who upon information and belief is a resident of Bernalillo County, New Mexico. She held this position at the time of her wrongful acts. She is sued for damages in her individual capacity.

8. Defendant Elizabeth Staley is an attorney who formerly held the position of Director of the Medicaid Fraud and Elder Abuse Division within the New Mexico Office of Attorney General who upon information and belief is a resident of Bernalillo County, New Mexico. She held this position at the time of her wrongful acts. She is sued for damages in her individual capacity.

9. Defendant Marc Workman is a former investigator for the New Mexico Office of the Attorney General who upon information and belief is a resident of Bernalillo County, New Mexico. He held this position at the time of his wrongful acts. He is sued for damages in his individual capacity.

10. Defendant Cathy Stevenson was the Director of the Developmental Disabilities Support Division for the New Mexico Department of Health and is currently the Deputy Director

2010513125.1

of the New Mexico Department of Health.  She was with the New Mexico Department of Health at the time of her wrongful acts.  She is sued for damages in her individual capacity.

11. Defendant Orlando Sanchez is a current or former employee of the New Mexico Department of Health who upon information and belief resides in Santa Fe County, New Mexico.  He held this position at the time of his wrongful acts.  He is sued for damages in his individual capacity.

12. Defendant Walter Rodas is a current or former employee of the New Mexico Department of Health who upon information and belief resides in Santa Fe County.  He is sued for damages in his individual capacity.

13. This action arises from Defendants' violations of Plaintiffs' civil rights under 42 U.S.C. §§ 1983, 1988, and other applicable federal statutory and constitutional provisions as further outlined in this Complaint.

14. This Court has general personal jurisdiction over the Defendants based on their residence in New Mexico.  The Court also has specific personal jurisdiction over Defendants given that the acts complained of occurred in New Mexico and provide sufficient minimum contacts with New Mexico.

15. Santa Fe County is the proper venue and has jurisdiction pursuant to NMSA 1978, § 38-3-1 as it is the county where Plaintiffs' causes of action originated, where Defendants reside, and to the extent applicable is the venue provision provided for by NMSA 1978, § 38-3-1(G) for suits against state officers.

## GENERAL FACTUAL ALLEGATIONS

16. Advantageous is a New Mexico business that provided home-based care to Medicaid recipients pursuant to the Developmental Disabilities Waiver Program.

2010513125.1

17. Dr. Kaur before and during the actions taken by Defendants derived income from Advantageous as an owner of the company through a salary and through other profit distribution.

18. Haraspal Singh and Harchi Singh before and during the actions taken by Defendants would also derive income from Advantageous through a salary and other distribution of income to them from Advantageous through their arrangement with Dr. Kaur.

19. Advantageous would contract with individual caregivers to deliver services. The individual caregivers would deliver services to qualified recipients and would substantiate delivery of those services by keeping and submitting detailed time logs and journals.

20. Advantageous for these caregiver services would bill the applicable administrator of Medicaid funds in New Mexico for the services rendered by the caregivers.

21. When Advantageous would receive payment for those services, it would then typically pay the majority of the money received to the individual caregiver who provided the services. Advantageous would retain a small percentage of the money paid for overhead and profits.

22. On September 28, 2009, the State of New Mexico through the New Mexico Office of the Attorney General brought suit against Advantageous under the New Mexico Medicaid Fraud Act. The case was captioned *State of New Mexico ex rel. Gary K. King, Attorney General v. Advantageous Community Services, LLC*, D-202-CV-2009-11396.

23. The State claimed that between 2004 and 2007 that six Advantageous caregivers billed and were paid for services while the caregivers lacked appropriate criminal history screening allegedly in violation of federal Medicaid statutes.

24. None of these caregivers had any disqualifying criminal convictions, information readily available to the State with adequate investigation.

2010513125.1

25. The State, through King, Landau, Staley, and the investigator Workman, brought suit against Advantageous and other similar providers through improper means to obtain forced payments out of these providers regardless of the merits of such claims. These Defendants utilized this practice over a period of time in a "Shake-down" program where they would collect nuisance settlements that providers would pay to avoid the costs of defending a suit from the State or to avoid other negative consequences that would arise from such a suit.

26. The State, through King, Landau, Staley, and the investigator Workman, were preparing a civil case against Advantageous that, through discovery and other evidence gathering procedures in a civil case, they could at the State's choosing pursue criminal charges against Advantageous under the New Mexico Fraud Act or other criminal statutes.

27. The State's claims and allegations involved the Individual Plaintiffs' work within Advantageous and directly affected the Individual Plaintiffs particularly in relation to the disruption of Advantageous's business activities, the impact on its ability to secure alternative business, and the ability of the Individual Defendants to secure alternative employment.

28. During the course of the judicial proceedings, Plaintiffs discovered that Defendants had fabricated evidence to support the case that they were pursuing against Advantageous. Advantageous brought this conduct to the attention of the Court by way of appropriate motions.

29. The New Mexico Department of Health, through Stevenson further terminated and refused to renew Advantageous's Medicaid contract, a decision in which Landau and upon information belief King and Staley were involved which was part of the improper conduct intended to damage Advantageous.

30. Landau communicated on the record during a deposition that took place on May 9, 2011 that the New Mexico Attorney General's Office was in consultation with the New Mexico Department of Health in reaching such a decision to terminate Advantageous's contract.

31. To retaliate against Advantageous bringing fabrication of evidence to the attention of Court by way of appropriate motions, the State through King, Landau, Workman, Staley and Stevenson, in 2011 withheld substantial funds that were lawfully owed to Advantageous for Medicaid services rendered during the effective term of Advantageous's state contract. The State through King, Landau, Workman, Staley and Stevenson effectuated improper recoupments with the State pre-litigating its own defective claims against Advantageous before proving any claims against Advantageous.

32. Even before this conduct that occurred in 2011, the State through King, Landau, Workman, Staley and Stevenson had for years been applying unwarranted wittholdings from funds lawfully owed to Advantageous before proving any claims against Advantageous. The State through King, Landau, Workman, Staley and Stevenson had also applied in connection with the litigation the State pursued an improper moratorium on business with Advantageous before proving any claims against Advantageous.

33. This conduct constitutes extra-judicial forfeiture proceedings against Advantageous without any court involvement at any stage.

34. The termination and refusal to renew Advantageous's contract was done in violation of Advantageous's substantive due process rights, in particular because the decision was arbitrary, irrational, and/or shocking to the contemporary conscience.

35. The State and Defendants who were involved in the prosecution of the suit did not have a factual or legal basis to pursue the claims brought under the New Mexico Medicaid Fraud Act against Advantageous.

36. The Honorable Valerie Huling with the Second Judicial District Court ultimately entered summary judgment on the State's action with prejudice based on: (1) the lack of evidence supporting the States' claims; and (2) the State's fabrication of evidence submitted in connection with that proceeding.

37. Through the State's own shoddy system of maintaining deficient paper and electronic records, the State could not present competent evidence supporting any claims against Advantageous. The State also had no legal basis to pursue any such claim under the Medicaid Fraud Act or otherwise against Advantageous. The regulations which the State accused Advantageous of violating were at no point an appropriate basis to bring claims against Advantageous including under the Medicaid Fraud Act because, among other reasons, the regulations were in no way a condition of payment for moneys owed to Advantageous.

38. After conducting a lengthy evidentiary hearing, Judge Huling concluded that the Defendants named to this suit engaged in egregious misconduct in fabricating evidence submitted in the proceeding, including the following:

   a. A clearance letter used by Landau in the litigation was created by Workman, Sanchez, and Rodas for use in the litigation, which was one of several fabricated clearance letters prepared by Workman, Sanchez, and Rodas.

   b. Workman contacted Rodas at the Department of Health when he was not able to find clearance letters for two of the caregivers implicated in the litigation.

    c. Workman was advised that the Department of Health did not keep copies of the clearance letters and was advised of discrepancies that would be contained in the created letters.

    d. Sanchez and Rodas created the fabricated letters regardless of being advised that the letters would contain inaccurate information.

    e. Workman received copies of fabricated letters which he provided to Landau with knowledge that they were false and inaccurate.

    f. Workman was specifically aware of the fabricated nature of the letters yet submitted them for use in connection with the litigation proceedings.

39. Advantageous brought the matter to Judge Huling's attention because it discovered the use of the fabricated letters by Defendants in connection with the proceeding.

40. Ultimately, Judge Huling entered summary judgment on the State's case with prejudice, a decision which the State appealed.

41. Defendants acted intentionally in fabricating the letters and using them in connection with the proceedings. The letters were fabricated with many altered facts, altered facts that the Defendants intended to use to harm and discredit Advantageous.

42. The appeal was affirmed by the Court of Appeals of New Mexico in a decision issued on June 9, 2014 citing the fabricated documentation used by Defendants. *See State v. Advantageous Community Services, LLC*, 2014-NMCA-076, 329 P.3d 738.

43. Advantageous further appealed the termination and refusal to renew Advantageous's contract administratively, in proceedings which terminated on July 7, 2014.

44. Under New Mexico law, there were never grounds to legally pursue a claim against Advantageous including under the Medicaid Fraud Act for violations of criminal-history screening requirements in particular as the Medicaid Fraud Act does not allow such a claim..

45. Advantageous has exhausted all its administrative remedies.

### COUNT I – VIOLATION OF 42 U.S.C. § 1983
### MALICIOUS PROSECUTION AND MALICIOUS ABUSE OF PROCESS

46. Plaintiffs incorporate the foregoing allegations as though fully set forth herein.

47. Defendants acted under color of state law through their respective positions with the New Mexico Office of Attorney General and the New Mexico Department of Health.

48. Defendants violated Plaintiffs' rights under the Fourth Amendment in addition to the substantive and procedural protections afforded under the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

49. Defendants brought claims against Advantageous through misuse of judicial proceedings and abuse of process in the judicial proceedings against Advantageous which they directly pursued or assisted with pursuing. Defendants improperly initiated and continued the judicial proceedings.

50. Defendants by committing these acts engaged in misuse of judicial proceedings and improper use of process against Advantageous in connection with a judicial proceeding for which their primary motive was to accomplish improper ends including to "shake down" Advantageous for money and to use fabricated evidence to prove a case against Advantageous.

51. Defendants by fabricating evidence and through other improper conduct maliciously prosecuted Advantageous through misuse of judicial proceedings and/or engaged in procedural irregularities and misuse of procedural devices in violation of Advantageous's constitutional rights.

52. To the extent any proof of probable cause is necessary beyond proof of the egregious conduct of Defendants which by itself violates the Constitution and supports a claim, the State had no probable cause to initiate proceedings or continue proceedings against Advantageous. The pursuit of the Medicaid Fraud Act claims in particular had a dramatic negative impact on Plaintiffs including their ability to secure alternative business besides from the State or to secure alternative employment.

53. King and Staley were involved in creating the policies for enforcement actions against entities such as Advantageous and for directing the actions of those working underneath them, including the assistant attorney general Landau and the Attorney General's investigator, Workman. Upon information and belief, King's and Staley's improper instructions on case handling and the use of fabricated evidence led to Defendants' use of fabricated evidence.

54. Additionally, fabricated evidence was submitted on King's behalf and under Staley's direction in her position overseeing prosecution of cases against Advantageous and other entities similarly situated to Advantageous.

55. The fabricated evidence became inextricably merged with the already improper claims the State through Defendants pursued against Advantageous.

56. Defendants wrongfully used judicial proceedings against Advantageous in pursuing claims without an appropriate legal basis.

57. The proceedings have terminated in favor of Advantageous.

58. King and Staley's improper instructions to the assistant attorney generals, including Landau, to pursue lawsuits against Advantageous and providers similarly situated to it resulted in improper claims against Advantageous and/or the improper use of process against Advantageous.

59.     Defendants then further retaliated against Advantageous in withholding and recouping funds that were lawfully owed to Advantageous for Medicaid services rendered during the effective term of Advantageous's state contract through extra-judicial forfeiture conducted by Defendants.  Such behavior also predated the fabrication of the evidence.

60.     Defendants violated clearly established law in engaging in these activities.

### COUNT II – VIOLATION OF 42 U.S.C. § 1983
### FABRICATION OF EVIDENCE

61.     Plaintiffs incorporate the foregoing allegations as though fully set forth herein.

62.     Defendants acted under color of state law through their respective positions with the New Mexico Office of Attorney General and the New Mexico Department of Health.

63.     Defendants through egregious conduct violated Plaintiffs' rights under the Fourth Amendment in addition to the substantive and procedural protections afforded under the Due Process Clause of the Fourteenth Amendment of the United States Constitution through fabrication of evidence to pursue claims against Advantageous.

64.     Particularly in light of the fundamental deficiency of the State's underlying claims, the fabrication of evidence demonstrates that the State if it had conducted an appropriate investigation factually and legally into its purported claims, Defendants never would have pursued or continued claims against Advantageous.

65.     Whether in light of the Defendants' malicious prosecution and malicious abuse of process or without considering that behavior, the Defendants' fabrication of evidence violates Plaintiffs' constitutional rights.

### COUNT III – VIOLATION OF 42 U.S.C. § 1983
### ARBITRARY AND CAPRICIOUS CONDUCT

66.     Plaintiffs incorporate the foregoing allegations as though fully set forth herein.

67. Defendants acted under color of state law through their respective positions with the New Mexico Office of Attorney General and the New Mexico Department of Health.

68. Defendants violated Plaintiffs' rights under the Due Process Clause of the Fourteenth Amendment of the United States Constitution by acting in an arbitrary, capricious, and/or manner that shocks the conscience in terminating and refusing to renew Advantageous's Medicaid contract.

69. Stevenson was involved in the decision-making process to terminate and refuse to renew Advantageous's Medicaid contract.

70. Among other improper means, Defendants used baseless litigation in which they attempted to prove their claims through fabricated evidence as a ground for terminating and refusing to renew Advantageous's Medicaid contract.

71. In addition, Defendants conspired to accomplish these ends.

72. Defendants violated clearly established law in engaging in these activities.

## **PRAYER FOR RELIEF**

Plaintiffs respectfully pray for the following relief:

A. All legal fees, lost profits, financial harm, and other compensatory damages incurred as a result of Defendants' conduct against Plaintiffs including those incurred in defending the prior litigation brought against Advantageous by the State and Defendants and in challenging termination of Advantageous's Medicaid contract;

B. Punitive damages against Defendants;

C. Plaintiffs' attorney's fees incurred in prosecution of this action pursuant to 42 U.S.C. § 1988 and any other basis for an award of attorney's fees;

D.  Emotional distress and related medical expenses suffered by the Individual Plaintiffs;

E.  An award of taxable costs;

F.  Prejudgment and post-judgment interest as permitted by law; and

G.  Such other relief as this Court deems appropriate.

Respectfully submitted,

LEWIS ROCA ROTHGERBER CHRISTIE LLP

By: */s/ Ryan M. Walters*
　　Dennis E. Jontz
　　Ryan M. Walters
　　*Attorneys for Plaintiffs*
　　201 Third Street NW, Suite 1950
　　Albuquerque, NM 87102-4388
　　Tel: 505.764.5400
　　Fax: 505.764.5480
　　djontz@lrrc.com
　　rwalters@lrrc.com