UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ADVANTAGEOUS COMMUNITY
SERVICES, LLC *et al.*,

Plaintiffs,

v.                                                                                          Civ. No. 17-cv-525 LF/KK

GARY KING *et al.*,

        Defendants.

## STATE OF NEW MEXICO DEFENDANTS' MOTION TO DISMISS

COMES NOW, Defendants Gary King, Amy Landau, Elizabeth Staley, Mark Workman, Cathy Stevenson, Orlando Sanchez and Walter Rodas (hereinafter referred to as "State Defendants") by and through their attorney of law, Dolan and Associates (Daniel Dolan), and pursuant to Rule 1-012B(6) NMRA, and hereby move to dismiss all claims and causes of action with prejudice and state the following in support.

## Introduction

In 2009 the New Mexico Attorney General filed suit against Advantageous for violations of the Medicaid Fraud Act. Advantageous breached its contract with the State by failing to comply with the requirements for approving caregivers and thus resulting in a claim for fraudulent billing. However, the case was dismissed with prejudice as a sanction against the state's assistant attorney general as noted below. Summary judgment and dismissal with prejudice was not based on an analysis of the evidence against Advantageous for violating the Medicaid Fraud Act but was granted by the trial judge in the underlying case for the production of a document from a spreadsheet maintained by the NM Department of Health but which was printed on the letterhead of a subsequent gubernatorial administration. The Excel spreadsheet,

maintained by the NM department of Health, tracked the communications (dates) of the Health Department (form documents and demand letters) with the Plaintiff (and all other Medicaid providers). That misrepresentation was serious enough that the trial judge entered summary judgment for the Plaintiff based on the misrepresentation. The actual misrepresentation was the printing of the form letter with the date of its original transmission to Plaintiff but on letterhead of the Martinez administration and not the Richardson administration. The dismissal was a sanction for the misrepresented letter through no misrepresentation occurred related to the communications documented in the Excel spreadsheet. The appeal was over the severity of the sanction of dismissal with prejudice and that sanction was affirmed by the Court of Appeals in 2014.

In April of this year, Plaintiff Advantageous, filed this case alleging three (3) counts for violation of civil rights in the First Judicial District Court stemming from the underlying Medicaid Fraud suit which was filed in September of 2009. Not only do the individual Plaintiffs lack standing to file this claim, but all Plaintiffs lack the required protected property interest for a valid civil rights claim. Plaintiffs missed the statute of limitations for filing a claim against the State. And, furthermore, even if Plaintiffs had standing, had the required protected property interest and did not miss filing before the expiration of the statute of limitations, this case should still be dismissed because Defendants are entitled to absolute or qualified immunity. Simply, this claim has multiple defects which warrant dismissal with prejudice.

**Standard of Review**

Under rule 12(b)(6), a complaint may be dismissed for " failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those

allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir.1994). Whether a complaint is sufficient is a question of law, and all allegations in the complaint must be viewed in the light favorable to the non-moving party. *Genesee County Employees' Retirement System v. Thornburg Mortg. Securities Trust 2006-3*, 825 F.Supp.2d 1082, 1120 (D.N.M. 2011). The allegations, however, must be more than labels and conclusions and a formulaic recitation of the elements *Id.* In order to survive a motion to dismiss, plaintiff's complaint must state facts that if true, state a claim on its face. *Id.* The factual allegations in this case, however, are insufficient to overcome Plaintiffs' burden, and, therefore, the complaint should be dismissed.

## Allegations Relevant to Motion to Dismiss

1.  Plaintiff is a limited liability company authorized to do business in New Mexico and on some occasions does business under the name Imagine. Complaint for Civil Rights Violations (hereinafter referred to as "Complaint") at ¶1.

2.  State Defendants were employed by the State of New Mexico at all times material to the Complaint, performing duties necessary to bring the suit against Plaintiffs, and are being sued in their individual capacities. Complaint at ¶¶ 2-8.

3.  The state was not sued or served in the Complaint because the two-year statute of limitations for filing a tort claims act case under the NM Tort Claims Act has passed almost one year prior to the filing of the suit itself.

4.  Advantageous contracted with the New Mexico Human Services Department to administer healthcare services as a Medicaid provider and subsequently subcontracted with individual care givers to deliver home-based care to Medicaid recipients. Complaint at ¶¶ 12, 13.

5. The State of New Mexico, through the Attorney General's Office, brought suit (hereinafter referred to as "underlying litigation") against Advantageous for failure to comply with the requirements of the Medicaid Fraud Act. Complaint at ¶16.

6. Summary judgment was entered against the State. Complaint at ¶24. Summary judgment was not based on an analysis of the evidence against Advantageous for violating the Medicaid Fraud Act but was granted by the trial judge in the underlying case for the production of a document from a spreadsheet maintained by the NM Department of Health but which was printed on the letterhead of a subsequent gubernatorial administration. The Excel spreadsheet maintained by the NM department of Health tracked the communications (dates) of the Health Department form documents and demand letters with the Plaintiff (and all other Medicaid providers. That misrepresentation was serious enough that the trial judge entered summary judgment for the Plaintiff based on the misrepresentation. The dismissal was a sanction for the misrepresented letter though no misrepresentation occurred relative to the communications documented in the Excel spreadsheet.

7. State Defendants were acting under color of state law at all times material to the Complaint. Complaint at ¶34.

8. Plaintiff alleges 2 counts for due process violations under 42 U.S.C. §1983: 1) Malicious Prosecution and Malicious Abuse of Process; and, 2) Arbitrary and Capricious Conduct. *See,* Complaint.

## Arguments and Authorities

Plaintiff alleges three (3) violations of the Fourteenth Amendment's Due Process Clause based on underlying litigation wherein Advantageous was sued for Medicaid Fraud for not complying with the requirements for reimbursement as a Medicaid provider. Presumably

Plaintiffs' claims in this case are presented in three separate counts to make the Defendants actions appear more egregious and shift the focus away from the fact that there is no basis for a civil rights claim, the individual Plaintiffs lack standing, and that the statute of limitations expired before they filed their complaint. Even assuming if this were a civil rights claim State Defendants would be entitled to absolute and qualified immunity. And, furthermore, Plaintiffs could have brought a counterclaim against Defendants in the underlying litigation, but instead are using additional resources in piecemeal litigation, which should be discouraged.

### A.     *Individual Plaintiffs Lack Standing*

Standing to sue "is a threshold question in every federal case, determining the power of the court to entertain the suit." *Warth v. Seldin,* 422 U.S. 490, 498 (1975). In order to show standing Plaintiffs must, at a minimum, show an injury in fact, and that the injury is traceable to the challenged action and not the result of a third party, and that there is a substantial likelihood that the requested relief will remedy the injury in fact. *Access Now, Inc. v. Lifepoint Hospitals, Inc.,* Civ. 09-1165 JCH/LAM (D.N.M. February 10, 2012). When a defendant challenges plaintiff's standing to bring a claim, "a court must presume lack of jurisdiction unless the contrary appears affirmatively from the record." *League of United Latin American Citizens, N.M. (LULAC) v. Ferrera*, 792 F.Supp.2d 1222, 1230 (D.N.M. 2011) (internal citations and quotations omitted). Standing cannot be inferred from the pleadings, but must be affirmatively stated in the pleadings. *Id.*

In this case, there is no affirmative statement that the individual Plaintiffs, Dr. Arminder Kaur, Haraspal Singh, and Harchi Singh, have standing to sue the state for any alleged damages incurred from the underlying litigation. The individual plaintiffs were owners/employees of Advantageous. They were not named parties to the underlying suit. Even though they may have

lost individual income as a result of the underlying litigation, the only party that could have been injured was Advantageous as it was the only defendant in the underlying litigation. Plaintiff Advantageous and the individual Plaintiffs assert three (3) claims for lack of due process in the underlying litigation. Because the individual Plaintiffs were not parties and did not intervene in the underlying litigation they could not have been denied due process in that litigation. The individual Plaintiffs simply lack standing to bring due process claims and their claims should be dismissed in this case.

### B.     Plaintiffs Lack the Required Protected Property Interest Under 42 U.S.C. §1983

"To assess whether an individual was denied procedural due process, courts must engage in a two-step inquiry: (1) did the individual possess a protected interest such that the due process protections were applicable; and, if so, then (2) was the individual afforded an appropriate level of process[?]" *Merrifield v. Bd. of Cnty. Comm'rs,* 654 F.3d 1073, 1078 (10th Cir. 2011). In this case, Plaintiffs[1] do not have a protected property interest, thus ending the assessment after the first inquiry.

In *Rainbow Dental, LLC v. DentaQuest of New Mexico, LLC, et al,* 15-CV-1002 MCA/LF (D.N.M. July 28, 2016), the court found that there is no protected property interest in continued status as a provider of Medicaid services. The Rainbow court relied on *Koerpel v. Heckler,* 797 F.2d 858, 864-65 (10th Cir. 1986), which stated that the provider was not the intended beneficiary of the statutes and that the doctor's interests were "not of constitutional significance" for a protected property interest even though the doctor was likely to suffer a financial loss. *Id.*, *see also, APMC, Inc. d/b/a A Plus Medical of Oklahoma v. Fogarty, et al.,* CIV-08-249-L (W.D. Oklahoma, September 12, 2008).

---

[1] Although the individual Plaintiffs lack standing to bring any claim in this litigation, the remainder of the arguments will encompass not only Advantageous but also the individual Plaintiffs.

Similarly in this case, any lost profits by Plaintiffs from future services is not a protected property interest. Because there is no protected property interest, the Court does not need to determine whether Plaintiffs were afforded the proper due process. Without a protected property interest, Plaintiffs fail to state a claim and the entire complaint should be dismissed. Absent the validity of the due process claim, not one of the other prayers for relief should be considered as they all flow from the piecemeal litigation brought by Plaintiffs and which should have been brought as a counterclaim in the underlying litigation filed approximately eight (8) years ago.

### C. *Defendants Are Entitled To Dismissal Based On Absolute Immunity*

It is well settled law that "[s]tate attorneys and agency officials who perform functions analogous to those of a prosecutor in initiating and pursuing civil…proceedings are absolutely immune from suit under section 1983 relating to activities "intimately associated with the judicial process." *McCormick v. City of Lawrence, Kansas,* 253 F.Supp.2d 1156, 1165 (D. Kansas 2003) (internal quotations omitted). Generally, absolute immunity does not apply to actions that are primarily investigative or administrative in nature unless the functions are necessary so a prosecutor may fulfill their function as an officer of the court. *Id.*

In this case, Defendants had a duty to investigate and if necessary file suit against companies who were committing fraud. 42 CFR 455. In that regard, Defendants actions all relate "directly to actions taken while advocating" for the State of New Mexico under the Medicaid Fraud Act. *Woodford v. Robillard,* 2:11-CV-370 (D. Utah, April 6, 2012). The only relevant inquiry is whether the Defendants' actions relate directly to their roles working in the attorney general's office. *See id.* Defendants investigated and filed suit against Advantageous based on the belief that Advantageous breached their duties in providing services under the Medicaid Act

.Therefore, Defendants are absolutely immune from suit and Plaintiffs' complaint should be dismissed.

### D. Defendants Are Entitled To Dismissal Based On Qualified Immunity

Qualified immunity is an affirmative defense to section 1983 liability and resolving questions of whether the defendants are entitled to qualified immunity is best decided at the earlies stages of litigation. *See Adkins v. Rodriguez*, 59 F.3d 1034, 1036 (10th Cir. 1995), *A.M. ex rel. Youngers v. New Mexico Dep't of Health,* 148 F.Supp.3d 1232, 1289 (D.N.M. 2015). "Qualified immunity recognizes the need to protect officials who are required to exercise their discretion and the related public interest in encouraging the vigorous exercise of official authority." *Id.* (internal quotations omitted). "The doctrine of qualified immunity shields government officials performing discretionary functions from individual liability under 42 U.S.C. § 1983 unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known." *Brooks v. Colorado Department of Corrections,* 13-CV-02894-CBS (D.Colo. 2014) (internal quotation marks omitted). In a §1983 case, a plaintiff has a high burden to establish "that: (1) the defendant violated a constitutional right, and (2) a constitutional right was clearly established." *Martinez v. Beggs*, 563 F.3d 1082, 1088 (10th Cir. 2009). This Court may decide "which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case." *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). For a constitutional right which plaintiff alleges was violated to be clearly established, "the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013), quoting *Anderson v. Creighton*, 483 U.S. 635-640 (1987). The non-moving party establishes this prong of the qualified immunity analysis by

identifying on point Supreme Court or circuit authority holding the law is as the plaintiff maintains. *Weise v. Casper*, 593 F.3d 1163, 1167 (10th. Cir. 2010). Identifying whether the defendants' actions violate clearly established law is determined on a case specific basis and not at a high level of generality. *Ashcroft v. al-Kidd*, 131 S.Ct. 2074, 2084 (2011). Moreover, "existing precedent [sufficient to identify clearly established law] must have placed the statutory or constitutional question beyond debate." *Id.* at 2083.

In evaluating the second prong of the qualified immunity analysis, courts look to the objective legal reasonableness of the defendant's action taken, "analyzing claims of immunity on a fact-specific case by case basis to determine whether a reasonable official in the defendant's position could have believed that his conduct was lawful, in light of clearly established law and the information he possessed." *Pray v. City of Sandusky*, 49 F.3d 1154, 1158 (6th Cir. 1995). *See also Mick v. Brewer*, 76 F.3d 1127, 1134 (10th Cir. 1996) (objective reasonableness measured by clearly established law and information known to defendant at the time). Those circumstances and existing authority "must both point unmistakably to the unconstitutionality of the conduct complained of and be so clearly foreshadowed by applicable direct authority as to leave no doubt in the mind of a reasonable officer that his conduct, if challenged on constitutional grounds, would be found wanting." *Ohio Civil Service Employees Association v. Seiter*, 858 F.2d 1171, 1177 (6th Cir. 1988). The objective reasonableness standard, first enunciated in *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982), is necessary "to avoid excessive disruption of government and permit the resolution of many insubstantial claims on summary judgment." *Lewis v. City of Ft. Collins*, 903 F.2d 752, 755 (10th Cir. 1990). Further, there is no place in the qualified immunity analysis for the subjective evaluation of matters such as motive or intent, all of which are irrelevant. *See, Schultz v. Braga*, 455 F.3d 470, 477 (4th Cir. 2006). In

evaluating objective legal reasonableness, if the official is objectively determined to have acted, at least in part by lawful considerations, he is entitled to qualified immunity. *Stanley v. City of Dalton*, 219 F.3d 1280, 1297-98. (11th Cir. 2000).

In this case, the three §1983 claims are alleged violations of the Fourteenth Amendment's Due Process Clause and violation of the Fourteenth Amendment's Equal Protection Clause. Plaintiffs' claim Defendants should be liable for bringing and investigating a claim of Medicaid Fraud. There is no clearly established, constitutionally protected interest in avoiding suit or investigation into fraudulent practices. And in fact, the Medicaid Act requires the state to investigate and litigate claims of fraudulent practices 42 CFR 455.

The Tenth Circuit has adopted two categories of court access claims – forward looking claims where a plaintiff is not able to bring a suit and backwards looking claims where plaintiff alleges a specific claim cannot be tried because of official action caused a loss of a meritorious case. *Jennings v. City of Stillwater,* 383 F.3d 1199, 1208 (10th Cir. 2002). Plaintiffs' claim for violation of section 1983 based on the Fourth and Fourteenth amendments do not fall within either a forward or backward looking claim. Specifically, in this case, Plaintiffs were not prevented from access to the courts or prevented in any manner in bringing a claim. The basis of Plaintiffs' claim is that they were sued and they had to marshal a defense for their failure to comply with the Medicaid Act. Plaintiffs did marshal the defense and were meritorious on the motion for summary judgment. They were never denied Due Process or Equal Protection and their allegations are not supported by law. *Johnson v. Walker-Smith Co.,* 47 N.M. 310, 142 P.2d 546 (1943) (Malicious prosecution is not a viable claim under New Mexico law).

Moreover, Plaintiffs do not point to clearly established law that was violated by Defendants. Instead they state, "Defendants violated clearly established law." *See,* Complaint at

¶¶60, 65, 72. Plaintiffs were meritorious in the underlying litigation and the claims against them were dismissed on a motion for summary judgment. The actively participated in their defense such that it is a far cry from being "shut out" of court.

Furthermore, the allegations are too vague to meet the standard required for establishing a section 1983 claim. In fact, there was no violation of the Fourth or Fourteenth Amendments. Defendants were investigating and pursuing a claim against Plaintiffs for Medicaid Fraud under New Mexico law. NMSA 1978, §30-44-3. Plaintiffs never deny that they failed to comply with the Medicaid Statutes requiring background checks of the caregivers. 42 CFR §455.434. Instead, they divert this Courts attention by stating "None of these caregivers had any disqualifying criminal convictions, information readily available to the state with adequate investigation." Complaint at ¶24. The requirement is that the healthcare provider complete background investigations of the employees as a condition of enrollment. Plaintiffs did not comply with this requirement, which prompted the underlying litigation. The Defendants were performing discretionary functions in the "vigorous exercise of official authority" and are entitled to qualified immunity. Therefore, this Court should dismiss Plaintiffs' claims on the basis of qualified immunity.

E.   **In Addition to Dismissal On The Basis of Absolute And Qualified Immunity, Plaintiffs' Complaint Is Barred By The Statute of Limitations**

The statute of limitations for §1983 claims is determined by the statute of limitations for personal injury claims in that state. *Wilson v. Garcia,* 471 U.S. 261 (1985). In New Mexico the relevant statute of limitation for personal injury is three years. The accrual of any action is when the plaintiff knows or should know the injury which is the basis of the action. *See, M.G., et al v. Young, et al.,* Civ-13-23 KG/WPL (D.N.M. May 11, 2013). A plaintiff does not need to know the full extent of injuries or have all evidence in order for the cause of action to accrue. *Id.*

In this case, Plaintiffs knew or should have known of their cause of action when their contract to provide services was terminated or when the State filed suit on September 38, 2009. However, giving Plaintiffs the benefit of the doubt, the latest date in which the statute of limitations started to accrue was on October 28, 2011 Judge Huling entered summary judgment in favor of Plaintiffs. Thus, the stature of limitations for §1983 claims expired on October 28, 2014 – three (3) years before they filed this suit.  Presumably, Plaintiffs are asserting it is a §1983 claim to circumvent the proper cause of action and statute of limitations under the New Mexico Tort Claims Act or a breach of contract claim.  In that regard, it is presumed that Plaintiffs will argue that they did not know of their claim until the New Mexico Court of Appeals published its decision on June 9, 2014 affirming the district court's ruling in *State v. Advantageous Community Services, LLC,* 2014-NMCA-076, 329 P.3d 738. Thus, Plaintiffs will argue that the claim was filed before the expiration of the statute of limitations on June 9, 2017. This is an erroneous assertion.

It is evident by the fact that Advantageous is not the only party to the lawsuit that this is not a §1983 claim. The individual Plaintiffs were not a party to the underlying litigation and could not have been denied due process, which indicates that they are disingenuous and know this case is more properly a Tort Claims Act case, with the statute of limitations being 2 years such that the statute of limitations would have expired almost a year before the suit was filed.

Simply, Plaintiffs knew of their cause of action at the time their motion for summary judgment motion was granted, if not before when the litigation was active. The statute of limitations expired three (3) years before this claim was filed.

## **SUMMARY**

Due to the multiple defects in Plaintiffs' claims, the Complaint should be dismissed in its entirety. The individual Plaintiffs lack standing, all Plaintiffs lack a protected interest such that there is no basis for a §1983 claim, the Defendants are entitled to either absolute or qualified immunity, and the claim was filed approximately a year after the statute of limitations expired.

WHEREFORE, Defendants request that this Court grant their motion to dismiss with prejudice and for any other relief deemed necessary and proper.

Respectfully Submitted by:

DOLAN & ASSOCIATES, P.C.

/s/ Daniel R. Dolan
Daniel R. Dolan
3321 Candelaria Rd. NE Suite B
Albuquerque, NM 87107-1966
(505) 883-1266 C: 269-2056/F: 888-7509
drd@lobo.net
*Counsel for Defendants*

I hereby certify that the foregoing was filed through the Courts CM/ECF system and was served upon the parties of record through the Court's system accordingly on this 12th day of July, 2017:

/s/ Daniel R. Dolan
Daniel R. Dolan