IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ADVANTAGEOUS COMMUNITY
SERVICES, LLC; ARMINDER KAUR;
HARASPAL SINGH; HARCHI SINGH,

    Plaintiffs,

v.                                        Civ. No. 17-525 LF/KK

GARY KING; AMY LANDAU;
ELIZABETH STALEY; MARC
WORKMAN; CATHY STEVENSON;
ORLANDO SANCHEZ; WALTER RODAS,

    Defendants.

## ORDER

**THIS MATTER** is before the Court on Plaintiff Advantageous Community Services' Motion to Compel Responses to its Requests for Production to Defendants (Doc. 57) filed on October 11, 2018. Defendant filed an amended response on October 3, 2018 (Doc. 60); and Plaintiff filed a reply on November 14, 2018 (Doc. 63.) **THIS MATTER** is also before the Court on Plaintiff Advantageous Community Services' Motion to Compel Deposition of Defendant Cathy Stevenson (Doc. 69) filed on January 4, 2019, to which Plaintiff filed a response on January 10, 2019 (Doc. 73.)

The Court held a hearing on these motions on January 14, 2019. The hearing was held on the record, Liberty Court Recording System, Hondo Courtroom. Dennis Jontz and Ryan Walters, Counsel for Plaintiffs, appeared in person. Daniel Dolan, counsel for Defendants, appeared telephonically. Defendants Amy Landau and Elizabeth Staley also appeared in person.

Having considered the parties' submissions, their oral representations at the hearing, the record and the relevant law, and for the reasons stated on the record, Plaintiffs' motions are granted in part and denied in part as follows.

As to Plaintiff Advantageous Community Services' Motion to Compel Responses to its Requests for Production to Defendants (Doc. 57), it is ordered that:

1. Defendant's untimely objections to Plaintiff's requests for production are stricken. Any documents withheld pursuant to those objections, with the exception of attorney-client privileged communications—which are further addressed in point 2, must be produced. [1]

2. Defendant is ordered to produce a privilege log for any documents withheld pursuant to the attorney-client privilege. The privilege log must be submitted no later than Monday, January 4, 2019.

3. Neither party shall be awarded attorneys' fees or costs accrued in connection with this Motion.

4. All other aspects of the motion not specifically addressed herein are denied with out prejudice to Plaintiff's prerogative to file a motion to compel if appropriate after the parties have met and conferred within the parameters established by the Court on the record to include a telephone conference with counsel for each party and an appropriate risk management representative, and then only after the parties have additionally made good faith efforts to resolve any outstanding disputes regarding the scope of production of documents within the "control" of Defendants and/or their counsel.

As to Plaintiff Advantageous Community Services' Motion to Compel Deposition of Defendant Cathy Stevenson (Doc. 69), it is ordered that:

---

[1] Counsel for Defendants represented that no documents were withheld pursuant to any objection except those that are protected by attorney-client privilege. Defendant has agreed to produce, and should so produce, an affidavit of the defense's paralegal indicating that no documents aside from those protected by the attorney-client privilege, were withheld in response to Plaintiff's request for production. If the paralegal cannot so attest because documents not protected by the attorney-client privilege were, in fact withheld, such documents must be produced by January 4, 2019.

1. Defendant is required to reimburse Plaintiff's counsel $177.00 for a room fee in Oregon that Advantageous was unable to avoid owing to Ms. Stevenson's refusal to appear as scheduled for her December 17, 2018, deposition.

2. No later than Friday, January 18, 2019, the parties are to confer and to select an agreed-upon date for Ms. Stevenson's deposition to be taken in Oregon.

3. As stipulated by Defendant's counsel, if Ms. Stevenson fails to appear for her deposition in Oregon on the date agreed upon by the parties, Defendant will pay the fees and costs incurred by Plaintiff's counsel in connection with the scheduled deposition.

4. Ms. Stevenson is further warned that any discovery abuses or failure to cooperate in discovery could lead to additional sanctions up to and including default judgment against her.

5. Neither party shall be awarded attorneys' fees or costs accrued in connection this Motion.

For the reasons stated herein, and as set forth on the record, Plaintiff Advantageous Community Services' Motion to Compel Responses to its Requests for Production to Defendants (Doc. 57) filed on October 11, 2018, and Plaintiff Advantageous Community Services' Motion to Compel Deposition of Defendant Cathy Stevenson (Doc. 69) filed on January 4, 2019, are **DENIED in PART** and **GRANTED in PART**, with each party to bear its own costs and fees.

**IT IS SO ORDERED.**

_____
KIRTAN KHALSA
United States Magistrate Judge