IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ADVANTAGEOUS COMMUNITY
SERVICES, LLC, ARMINDER KAUR,
HARASPAL SINGH, and HARCHI SINGH,

    Plaintiffs,

v.                                                                      1:17-cv-00525-LF-KK

GARY KING, AMY LANDAU,
ELIZABETH STALEY, MARC
WORKMAN, CATHY STEVENSON,
ORLANDO SANCHEZ, and
WALTER RODAS,

    Defendants.

## ORDER DENYING MOTION TO TAX COSTS AND FOR ATTORNEYS' FEES

THIS MATTER comes before the Court on defendants Gary King, Amy Landau, Elizabeth Staley, Mark Workman, Cathy Stevenson, Orlando Sanchez, and Walter Rodas' (collectively "State Defendants") Motion to Tax Costs and for Attorney Fees (Doc. 171), filed December 20, 2019. Plaintiffs filed their Response to the State Defendants' Motion (Doc. 172) on January 2, 2020. State Defendants filed their Reply (Doc. 175) on January 21, 2020. The parties consented to my entering final judgment in this case. Docs. 6−14. Having read the submissions of the parties and being fully advised, and for the following reasons, the Court DENIES the State Defendants' Motion to Tax Costs and for Attorney Fees.

### I.     Procedural Background

On April 7, 2017, plaintiffs Advantageous Community Services, LLC, Arminder Kaur, Haraspal Singh, and Harchi Singh filed a complaint for civil rights violations against the State Defendants in the New Mexico First Judicial District Court. Doc. 1-1. The State Defendants removed the case to this Court on May 5, 2017. Doc. 1. On July 12, 2017, the State Defendants

moved to dismiss plaintiffs' complaint. Doc. 20. On March 21, 2018, the Court dismissed all but one of plaintiffs' claims—Advantageous' Fourth Amendment malicious prosecution claim. Doc. 31 at 23.

The State Defendants filed a second motion to dismiss on January 28, 2019, Doc. 76, which the Court denied on September 27, 2019, Doc. 142. On April 12, 2019, the State Defendants filed a motion for summary judgment on Advantageous' one remaining claim, Doc. 95, which the Court granted on November 19, 2019, Doc. 165. The Court entered its final judgment the same day. Doc. 166. On December 18, 2019, plaintiffs appealed all three of the Court's dispositive orders to the Tenth Circuit. Doc. 167. Two days later, on December 20, 2019, the State Defendants filed their motion to tax costs and for attorney's fees. Doc. 171. It is this motion that is the subject of this order.

## II. Discussion

### A. Taxation of Costs

In their motion, the State Defendants seek reimbursement of $9,694.94 in costs. *See* Doc. 171. Plaintiffs respond that the State Defendants are not entitled to costs because they filed their motion one day late, the motion does not comply with this District's local civil rules, and that the State Defendants failed to establish the amount of costs to which they were entitled. Doc. 172 at 1–2. For the following reasons, I agree.

Federal Rule of Civil Procedure 54(d)(1) states that costs "should be allowed to the prevailing party." This rule leaves broad discretion to the district court when awarding costs to a prevailing party. *In re Williams Sec. Litig.—WCG Subclass*, 558 F.3d 1144, 1148 (10th Cir. 2009). The Tenth Circuit has articulated two requirements that limit the district court's discretion when awarding costs. *Id*. at 1147. First, there is a "presumption that the district court

will award costs to a prevailing party." *Id*. (quoting *Cantrell v. Int'l Bhd. Of Elec. Workers*, 69 F.3d 456, 458–59 (10th Cir. 1995)). Second, the court must provide a valid reason for denying such costs. *Id*. The burden initially rests on the prevailing party to establish the amount to which it is entitled. *Id*. After this initial showing, the "burden shifts to the non-prevailing party to overcome the presumption that these costs will be taxed." *Id*. (internal quotation marks omitted).

Under Rule 54.1 of this District's Local Rules of Civil Procedure,

> A motion to tax costs must be filed and served on each party within thirty (30) days of entry of judgment. Failure to file and serve within this time period constitutes waiver of a claim to costs. The motion must comply with the requirements of D.N.M.LR-Civ. 7 and must include:
> - an itemized cost bill documenting costs and including receipts as required by rule or statute; and
> - a party's affidavit that the costs are allowable by law, correctly stated and necessary to the litigation.

D.N.M.LR-Civ. 54.1. The Supreme Court has stated that district courts are "free to adopt local rules establishing timeliness standards for the filing of claims for attorney's fees" and, by analogy, taxable costs. *See White v. New Hampshire Dept. of Employment Sec.*, 455 U.S. 445, 454 (1982). And the Tenth Circuit has held that where a "Defendant's motion for costs was untimely under the local rules[,] . . . the district court properly refused to consider it." *Dataq, Inc. v. Tokheim Corp.*, 736 F.3d 601, 605 (10th Cir. 1984).

Although the State Defendants cited to Rule 54.1, Doc. 171 at 1, they made little effort to comply with it. First, and as Advantageous points out, the State Defendants filed their motion one day late. The Court entered its final judgment on November 19, 2019. Doc 166. Accordingly, the State Defendants' motion to tax costs was due December 19, 2019. D.N.M.LR-Civ. 54.1. The State Defendants did not file their motion until December 20, 2019, which under the rule constitutes a waiver of any claim to costs.

3

Second, rather than seeking leave to file their motion late, the State Defendants did not even acknowledge its untimeliness until their reply, in which they stated, "although the motion to tax costs was one day late due to a miscalculation, this minor delay did not cause any prejudice to Plaintiffs and there was no bad faith on the part of Defendants." Doc. 175 at 2. The State Defendants argue that the Court should not deny its motion for costs "[w]ithout a showing of prejudice or bad faith," relying on *Moncla v. Kelley*, Civ. No. 10-3137-MLB, 2011 WL 686129 (D. Kan. Feb. 18, 2011) (unpublished). *Moncla* not only is not binding on this Court, it involved a response to a frivolous motion to determine a conflict of interest, not a motion to tax costs. *Id.* at *1. And presumably the court in that case had some basis to determine that defendants' response was one day late because of "a clerical mistake in calendaring." *See id.* Here, the State Defendants simply have not explained how they miscalculated the deadline. *See* Doc. 175 at 2. The State Defendants' excuse is unsatisfactory.

Third, the State Defendants' motion does not comply with other aspects of Local Rule 54.1. Local Rule 54.1 requires that a motion to tax costs include "an itemized cost bill documenting costs and including receipts as required by rule or statute" as well as "a party's affidavit that the costs are allowable by law, correctly stated and necessary to the litigation." D.N.M.LR-Civ. 54.1. The rule also requires that the motion comply with D.N.M.LR-Civ. 7, which requires that a motion "state with particularity the grounds and the relief sought," D.N.M.LR-Civ. 7.1(a), cite to "authority in support of the legal positions advanced," D.N.M.LR-Civ. 7.3(a), and provide "evidence, in the form of affidavits . . . or other documents[] in support of allegations of fact," D.N.M.LR-Civ. 7.3(b). The State Defendants' motion did not provide any receipts supporting their alleged costs, nor did it include an affidavit asserting that the costs were allowed by law, correctly stated, or necessary to the litigation. The motion also does not

4

cite to any legal authority other than Local Rule 54.1, *see* Doc. 171, which by itself does not support the award of all the costs the State Defendants are seeking. Although Local Rule 54.2 provides that "[t]he cost for copying an exhibit is taxable when the exhibit is requested by the Court or when the copy is admitted into evidence in place of an original," D.N.M.LR-Civ 54.2(e), this does not appear to cover the thousands of dollars the State Defendants are requesting for bates stamping discovery, and for organizing and producing records, *see* Doc. 171 at 2. Nor does the motion include any evidence or documents to support the request for costs and attorney's fees other than a list of costs, some of which are not obviously recoverable under either Local Rule 54.2 or 28 U.S.C. § 1920. *See* Doc. 171 at 2 (e.g., costs for bates stamping discovery by paralegals, and costs for "record production and organization").

The State Defendants attempt to make up for the shortcomings in their original motion in their reply. They have included receipts for some of their claimed costs, but still have not provided receipts for the deposition costs associated with David Hughes (vol. 1), Amy Landau, and Reynolds. *Compare* Doc. 171 at 2 *with* Doc. 175-1 at 4–14. The reply also includes a perfunctory affidavit that states that the "costs paid by the State of New Mexico for case expenses are $9656.19," but the affidavit does not state that these "costs are allowable by law, correctly stated and necessary to the litigation" as required by Local Rule 54.1. *See* D.N.M.LR-Civ 54.1. More importantly, however, courts generally should not consider arguments and evidence raised for the first time in a reply unless there's some legitimate reason why the argument or evidence was not raised earlier. *See United States v. Lewis*, 594 F.3d 1270, 1285 (10th Cir. 2010) ("arguments made for the first time in the reply brief are untimely"; a party "may not hold [a] specific [argument] in reserve until it is too late for the [other side] to respond"). The State Defendants make no effort to explain why their original motion failed to

comply with Local Rules 54.1 and 7, and even their reply is inadequate. In short, the State Defendants' motion for taxation of costs is untimely and fails to comply with this District's local rules. By failing to comply with our local rules, the State Defendants also fail to establish the amount of costs to which they are entitled. The Court therefore will deny the State Defendants' motion for costs.

### B. Attorney's Fees

The State Defendants' request for attorney's fees is even more lacking than their request for costs. The motion requests that the Court "award attorney fees associated with the motion to dismiss" without stating what that amount is. Doc. 171 at 2. The motion falsely states that the State Defendants had "requested attorney fees as additional relief in their motion for Summary Judgment." Doc. 171 at 1. In fact, there was no mention of attorney's fees, or any citation to any legal basis for awarding them, in either the motion for summary judgment or the reply. *See* Docs. 75, 102. The State Defendants' motion to tax costs and for attorney's fees similarly has no citation to any legal authority[1] for the award of attorney's fees, nor does it state the amount of fees that the State Defendants are seeking. *See* Doc. 171. Plaintiffs urge the Court to deny the State Defendants' request for attorney's fees because it is untimely and does not comply with the Court's local rules, and because the State Defendants have failed to establish that they are entitled to an award of attorney's fees.

In their reply, the State Defendants say they are seeking fees under 42 U.S.C. § 1988(b), which gives the Court discretion to award reasonable attorney's fees to the prevailing party in a civil rights lawsuit. *See* Doc. 175 at 2–3. But rather than limiting their request to the "attorney

---

[1] The only citation to any legal authority in the State Defendants' motion is to Local Rule of Civil Procedure 54.1, *see* Doc. 171, which applies only to motions to tax costs. Local Rule of Civil Procedure 54.5 governs motions for attorney's fees. *See* D.N.M.LR-Civ 54.5.

fees associated with the motion to dismiss" as they did in their original motion, *see* Doc. 171 at 2, they instead request that the Court "award attorney fees associated with the motions [plural] resulting in dismissal of Plaintiffs' claims," *see* Doc. 175 at 3. The State Defendants claim that the "fees paid by the State of New Mexico for defense are a total of $226,703.32," Doc. 175-1 at 1, and they promise that if the Court determines that they are entitled to attorney's fees, they "will produce redacted fees relating to the motions that were granted in Defendant[s'] favor," Doc. 175 at 3.

"The standard for awarding attorney's fees to a prevailing defendant in a civil rights lawsuit varies significantly from the standard for awarding fees to a prevailing plaintiff." *Seeds v. Lucero*, 207 F.Supp.2d 1297, 1988 (D.N.M. 2002) (Black, J.). Whereas a plaintiff who prevails normally is entitled to fees, a prevailing defendant should recover fees only where the "plaintiff's action was frivolous, unreasonable, or without foundation." *Id.* (citing *Mitchell v. City of Moore*, 218 F.3d 1190, 1203 (10th Cir. 2000); *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978)). "This is a difficult standard to meet, to the point that rarely will a case be sufficiently frivolous to justify imposing attorney fees on the plaintiff." *Mitchell*, 218 F.3d 1190, 1203 (10th Cir. 2000). Nevertheless, there are cases in which an award of fees to a prevailing defendant are justified. *See, e.g.*, *Crabtree v. Muchmore*, 904 F.2d 1475, 1477 (10th Cir. 1990) (affirming award of fees where defendant judge was clearly insulated from suit by doctrine of absolute immunity).

> Under Rule 54.5 of this District's Local Rules of Civil Procedure,
>
> A motion for attorney's fees not brought pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d), must be filed and served within thirty (30) days after entry of judgment. Failure to file and serve within this time constitutes waiver of a claim to attorney's fees. Movant must submit a supporting brief and evidence (affidavits and time records). The motion must comply with D.N.M.LR-Civ. 7.

D.N.M.LR-Civ. 54.5(a).

As discussed above, the Court entered its judgment in this case on November 19, 2019. Doc. 166. Therefore, any motion for attorney's fees was due no later than December 19, 2019. The State Defendants filed their motion for attorney's fees on December 20, 2019—one day late—which constitutes a waiver of a claim to attorney's fees. *See* D.N.M.LR-Civ. 54.5(a). They also did not submit a supporting brief or evidence, including affidavits and time records, in support of their motion, making it impossible for the Court to determine the legal basis for any such award, much less the amount of any award. In their reply, they state that "Plaintiffs' 'Complaint for Civil Rights Violations' was dismissed on its entirety via motion practice," Doc. 175 at 2, suggesting that this is sufficient to show that the complaint was frivolous, unreasonable, or without foundation, yet they fail to cite to a single case supporting their position,[2] *see id.* Even if the Court were to consider the arguments that the State Defendants make for the first time in their reply, the State Defendants have not substantiated their claim for attorney's fees, legally or factually. The Court will deny the State Defendants' motion for attorney's fees because it is untimely and fails to comply with Local Rule of Civil Procedure 54.5(a), and is otherwise wholly unsubstantiated.

---

[2] The only case that the State Defendants cite is *Fox v. Vice*, 563 U.S. 826 (2011). *See* Doc. 175 at 2. In *Fox*, the Supreme Court held that "[i]n a [civil rights] suit . . . involving both frivolous and non-frivolous claims, a defendant may recover the reasonable attorney's fees he expended solely because of the frivolous allegations." *Fox*, 563 U.S. 840–41. It did not hold that any case decided solely by motions is necessarily frivolous. *See generally id.*

### III. Conclusion

For the foregoing reasons, the Court DENIES the State Defendants' Motion to Tax Costs and for Attorney Fees (Doc. 171).

**IT IS SO ORDERED.**

_____
Laura Fashing
United States Magistrate Judge
 Presiding by Consent